UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROXANNE WELCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13CV5 HEA |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application of Plaintiff for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 405(g) et seq. Plaintiff filed a Brief in Support of the Complaint. Defendant filed a Brief in Support of the Answer, to which, Plaintiff has responded..

## PROCEDURAL HISTORY

Plaintiffs application for SSI was denied on April 1, 2010. Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

requested a hearing before an Administrative Law Judge ("ALJ"). On September 28, 2011, a hearing was held before an ALJ. On December 16, 2011, the ALJ found that Plaintiff was not disabled through the date of the decision. Plaintiff sought review of the ALJ's decision with the Appeals Council. On November 19, 2012, after considering additional evidence, the Appeals Council denied Plaintiff's request for review. As such, the ALJ's decision stands as the final decision of the Commissioner.

**LEGAL STANDARDS**

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do

basic work activities." *Id.* "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001) (citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996))).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d); pt. 404, subpt. P, app. 1. If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. Id.

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her Residual Functional Capacity ("RFC"). *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."); *Eichelberger*, 390 F.3d at 590-91; *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). The ALJ will

review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to produce evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3; *Young*, 221 F.3d at 1069 n.5. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Id. See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."); *Charles v. Barnhart*, 375 F.3d 777, 782 n.5 (8th Cir. 2004) ("[T]he burden of production shifts to the Commissioner at step five to submit evidence of other work in the national economy that [the claimant] could perform, given her RFC.").

Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, that decision must be affirmed if it is supported by substantial

evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). In *Bland v. Bowen*, 861 F.2d 533, 535 (8th Cir. 1988), the Eighth Circuit Court of Appeals held:

> [t]he concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Secretary may decide to grant or deny benefits without being subject to reversal on appeal.

*See also Lacroix v. Barnhart*, 465 F.3d 881, 885 (8th Cir. 2006) ("[W]e may not reverse merely because substantial evidence exists for the opposite decision.") (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)); *Hartfield v. Barnhart*, 384 F.3d 986, 988 (8th Cir. 2004) ("[R]eview of the Commissioner's final decision is deferential.").

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617; *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *McClees v. Shalala*, 2 F.3d 301, 302 (8th Cir. 1993); *Murphy v. Sullivan*, 953 F.2d 383, 384 (8th Cir. 1992). Instead, the district court

must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v.* Apfel, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). *See also Onstead v. Sullivan*, 962 F.2d 803, 804 (8th Cir. 1992) (holding that an ALJ's decision is conclusive upon a reviewing court if it is supported by "substantial evidence"). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022. *See also Eichelberger*, 390 F.3d at 589; *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (quoting *Terrell v. Apfel*, 147 F.3d 659, 661 (8th Cir. 1998)); *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001).

To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

  (1) Findings of credibility made by the ALJ;

  (2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980); *Cruse v. Bowen*, 867 F.2d 1183, 1184-85 (8th Cir. 1989).

Additionally, an ALJ's decision must comply "with the relevant legal requirements." *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical

evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). When evaluating evidence of pain, the ALJ must consider:

> (1) the claimant's daily activities;
>
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) any precipitating or aggravating factors;
>
> (4) the dosage, effectiveness, and side effects of any medication; and
>
> (5) the claimant's functional restrictions.

*Baker v. Sec'y of Health & Human Servs.*, 955 F.2d. 552, 555 (8th Cir. 1992); *Polaski*, 739 F.2d at 1322. The absence of objective medical evidence is just one factor to be considered in evaluating the plaintiff's credibility. *Id.* The ALJ must also consider the plaintiff's prior work record, observations by third parties and treating and examining doctors, as well as the plaintiff's appearance and demeanor at the hearing. *Polaski*, 739 F.2d at 1322; *Cruse*, 867 F.2d at 1186.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints.

*Guilliams*, 393 F.3d at 801; *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004); *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003); *Hall v. Chater*, 62 F.3d 220, 223 (8th Cir. 1995). It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence. *Robinson,* 956 F.2d at 841; *Butler v. Sec'y of Health & Human Servs.*, 850 F.2d 425, 429 (8th Cir. 1988). The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). *See also Steed*, 524 F.3d at 876 (citing *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000)). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988); *Millbrook v. Heckler*, 780 F.2d 1371, 1374 (8th Cir. 1985).

RFC is defined as what the claimant can do despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(b)-(e). The Commissioner must show that a claimant who cannot perform his or her past relevant work can perform other work which exists in the national economy. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006); *Nevland*, 204 F.3d at 857 (citing *McCoy v. Schweiker*,

683 F.2d 1138, 1146-47 (8th Cir. 1982) (en banc)). The Commissioner must first prove that the claimant retains the RFC to perform other kinds of work. *Goff*, 421 F.3d at 790; *Nevland,* 204 F.3d at 857. The Commissioner has to prove this by substantial evidence. *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983). Second, once the plaintiff's capabilities are established, the Commissioner has the burden of demonstrating that there are jobs available in the national economy that can realistically be performed by someone with the plaintiff's qualifications and capabilities. *Goff*, 421 F.3d at 790; *Nevland,* 204 F.3d at 857.

To satisfy the Commissioner's burden, the testimony of a vocational expert may be used. An ALJ posing a hypothetical to a vocational expert is not required to include all of a plaintiff's limitations, but only those which he finds credible. *Goff*, 421 F.3d at 794 ("[T]he ALJ properly included only those limitations supported by the record as a whole in the hypothetical."); *Rautio*, 862 F.2d at 180. Use of the Medical-Vocational Guidelines is appropriate if the ALJ discredits the plaintiff's subjective complaints of pain for legally sufficient reasons. *Baker v. Barnhart*, 457 F.3d 882, 894-95 (8th Cir. 2006); *Carlock v. Sullivan*, 902 F.2d 1341, 1343 (8th Cir. 1990); *Hutsell v. Sullivan*, 892 F.2d 747, 750 (8th Cir. 1989).

## DISCUSSION

The issue before this court is whether substantial evidence supports the

Commissioner's final determination that Plaintiff was not disabled. *Onstead*, 962 F.2d at 804. Thus, even if there is substantial evidence that would support a decision opposite to that of the Commissioner, the Court must affirm the decision as long as there is substantial evidence in favor of the Commissioner's position. *Cox*, 495 F.3d at 617; *Krogmeier*, 294 F.3d at 1022.

Plaintiff testified at the hearing that she was almost 55 at the time of the hearing. She has lived with her boyfriend for almost 20 years. She has a driver's licence, but she generally doesn't drive. She becomes stressed with traffic. She has paranoid problems that others are watching her and she has dizzy spells and passes out. Plaintiff graduated from high school and has three years of college, but has not obtained a degree of any kind. Her boyfriend is disabled.

Plaintiff has worked as a cashier, a clerk, in food prep, was an embroiderer in a hat factory and has done housekeeping.

Plaintiff takes singulair for asthma, loratadine for cholesterol, allergey medication and diphenhydramine, lantus and humulin for diabetes. Plaintiff takes alprazolam for her mental conditions.

Plaintiff testified she has no hobbies or interests, she occasionally watches a movie in her home. She does not drink alcohol or use any un-prescribed drugs. Plaintiff sits in a rocker-glider all day. She does not shop, cook, wash dishes, do

laundry, or gardening.  Plaintiff does not leave the house.  She testified she has numbness in her hands and feet and she gets muscle spasms in her legs.  She falls quite a bit.  Plaintiff has been hospitalized once for her panic disorder.

A vocational expert also testified.  Given the hypothetical of performing light exertional work with no more than occasional exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas,  simple, routine, repetititive tasks, with no interaction with the public in performance of job duties, and occasional interaction with coworkers and supervisors, the VE found that Plaintiff could perform her past jobs as housekeeper and embroidery machine operator.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 29, 2010, the application date.  She had the severe impairments of asthma, obesity, diabetes, major depressive disorder, obsessive-compulsive disorder (OCD), and post-traumatic stress disorder (PTSD).  The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment; that Plaintiff had the RFC to perform light work as defined in 20 CFR 416.967(b).  She can occasionally lift/carry up to 20 pounds, frequently lift/carry 10 pounds, stand or walk for approximately six hours in an eight-hour work day, and sit for about two hours in an eight hour work day.  The ALJ also found Plaintiff had the non-exertional limitations that further limit

her ability to perform light work: she should have no more than occasional exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas; limited to the performance of simple, routine, and repetitive tasks, but could adapt to a noncomplex work setting; should have no interaction with the general public in the performance of job duties, and is limited to occasional interaction with coworkers and supervisors. The ALJ found Plaintiff was capable of performing her past relevant work as an embroidery machine operator, and therefore, the ALJ did not progress to Step five in his analysis. Plaintiff is not disabled.

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ failed to give proper consideration to Plaintiff's treating psychotherapist, Mr. Dugan, and should be found disabled because of consistent GAF scores.

**Mr. Dugan**

Although Mr. Dugan is not an acceptable medical source, Plaintiff argues that as an "other medical source," his opinions should have been given more consideration.

The ALJ considered Mr. Dugan's assessment of Plaintiff's mental condition. Mr. Dugan did not provide any elaboration on any of Plaintiff's claims, rather, he merely checked that Plaintiff was limited. The ALJ noted that Plaintiff

sporadically saw Mr. Dugan, her mood was reported as depressed, but also as stable. Plaintiff told Mr. Dugan she was not taking her medication as prescribed. Plaintiff reported situational issues with a border causing her stress. The stress was resolved by December 2010. Plaintiff reported to Mr. Dugan that she had developed some coping mechanisms for agoraphobia.

**GAF**

Plaintiff argues that the consistent finding of a GAF of 50 requires a finding of disability. Plaintiff's argument, however, neglects to take into consideration that although her GAF was consistently 45-50, Mr. Dugan failed to change the consistent finding to reflect the improvements Plaintiff experienced. Indeed, in January, 2010, Plaintiff's GAF was 65, an assessment which reflects improvement in Plaintiff's mental condition.

**Plaintiff's Credibility:**

The Court will first consider the ALJ's credibility determination, as the ALJ's evaluation of Plaintiff's credibility was essential to the ALJ's determination of other issues, including Plaintiff's RFC. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) ("[The plaintiff] fails to recognize that the ALJ's determination regarding her RFC was influenced by his determination that her allegations were not credible.") (citing *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005)); 20

C.F.R. §§ 404.1545, 416.945 (2010). As set forth more fully above, the ALJ's credibility findings should be affirmed if they are supported by substantial evidence on the record as a whole; a court cannot substitute its judgment for that of the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Hutsell*, 892 F.2d at 750; *Benskin,* 830 F.2d at 882. To the extent that the ALJ did not specifically cite *Polaski*, case law, and/or Regulations relevant to a consideration of Plaintiff's credibility, this is not necessarily a basis to set aside an ALJ's decision where the decision is supported by substantial evidence. *Randolph v. Barnhart*, 386 F.3d 835, 842 (8th Cir. 2004); *Wheeler v. Apfel*, 224 F.3d 891, 895 n.3 (8th Cir. 2000)*; Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Montgomery v. Chater*, 69 F.3d 273, 275 (8th Cir. 1995). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [a court] will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). *See also Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). For the following reasons, the Court finds that the reasons offered by the ALJ in support of his credibility determination are based on substantial evidence.

The ALJ found that Plaintiff's statements regarding the intensity, persistence and limiting effects of Plaintiff's impairments were not entirely credible.

Regarding Plaintiff's allegation of depression, the ALJ noted that Plaintiff was able to cook, shop for groceries, socialize and play video games according to Plaintiff's disability assessment. She admitted not complying with medications, and to situational depression. The court finds that the ALJ's decision, in this regard, is based on substantial evidence and consistent with the Regulations and case law.

The ALJ found the Plaintiff had the RFC to perform light work with limitations. The Regulations define RFC as "what [the claimant] can do" despite his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a). "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001). "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir.

2000)). *See also Anderson v. Shalala*, 51 F.3d. 777, 779 (8th Cir. 1995).

As set forth above, with regard to Plaintiff's credibility and with regard to whether she met or equaled a Listing, the ALJ considered the extent to which Plaintiff's allegations were credible in view of the record as a whole, including doctors' objective findings and Plaintiff's description to doctors of her symptoms and abilities. Only after doing so, did the ALJ determine Plaintiff's RFC. Thus, Plaintiff's argument that the ALJ substituted a credibility determination for an RFC analysis is without merit. As set forth above, the ALJ complied with the Regulations when he evaluated Plaintiff's credibility prior to determining his RFC. *See Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) ("Before determining a claimant's RFC, the ALJ first must evaluate the claimant's credibility.").

Although assessing a claimant's RFC is primarily the responsibility of the ALJ, a "'claimant's residual functional capacity is a medical question.'" *Lauer*, 245 F.3d at 704 (quoting *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000)). The Eighth Circuit clarified in *Lauer*, 245 F.3d at 704, that "'[s]ome medical evidence,' *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam), must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the

workplace,' *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000)." Thus, an ALJ is "required to consider at least some supporting evidence from a professional." *Id. See also Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) ("The ALJ bears the primary responsibility for determining a claimant's RFC and because RFC is a medical question, some medical evidence must support the determination of the claimant's RFC."); *Eichelberger*, 390 F.3d at 591. In particular, the ALJ in the matter under consideration noted that Plaintiff's record established that she was takes medications for her physical conditions as well as her mental conditions. From this, Plaintiff's symptoms are controlled. The ALJ's consideration of Plaintiff's medical records, upon his determining Plaintiff's RFC, is based on substantial evidence and consistent with the requirements of the Regulations and case law. *See Eichelberger*, 390 F.3d at 591; *Lauer*, 245 F.3d at 704; *Singh*, 222 F.3d at 451.

**CONCLUSION**

For the reasons set forth above, the Court finds that substantial evidence in the record as a whole supports Commissioner's decision that Plaintiff is **not** disabled.

Accordingly,

- 18 -

**IT IS HEREBY ORDERED** that the relief sought by Plaintiff in her Complaint and Brief in Support of Plaintiff's Complaint is denied.

A separate judgment in accordance with this Opinion, Memorandum and Order will be entered this same date.

Dated this 10th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE